IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| NL ENTERPRISES, LLC, | ) | CASE NO. 4:15-CV-03163-CRZ |
| | ) | |
| Plaintiff, | ) | |
| | ) | **AMENDED** |
| v. | ) | **PROTECTIVE ORDER** |
| | ) | |
| UNITED PACIFIC PET, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Now before the Court is the parties' Joint Motion for Entry of an Amended Protective Order (ECF No. 68). After careful consideration, the Court **GRANTS** the parties' motion and, pursuant to the parties' consent and agreement, enters the following Amended Protective Order:

1. *Scope and Definitions.* This order is intended to limit the parties' use of confidential information furnished by any party or nonparty to any party in connection with this action. "Confidential Information" includes, but is not limited to, information that constitutes a trade secret or other confidential information, the disclosure of which would adversely affect the commercial, financial, or competitive position of the producing party, or would pose a significant threat of identity theft or disclosure of highly personal information, such as medical records. Confidential Information also includes information that is subject to a pre-existing protective order or confidentiality agreement that would preclude disclosing the information. "Highly Confidential-Attorneys' Eyes Only Information" is information that contains technical, financial or other business information (e.g. pricing, customer lists, business and/or marketing plans or analysis, sales projections, profit margins and the like) the disclosure of which to the non-producing party would cause competitive or other harm to the producing party. "Confidential Materials" are any materials that contain Confidential Information. "Highly Confidential-

Attorneys' Eyes Only Materials" are any materials that contain Highly Confidential Attorneys' Eyes Only Information. Each party shall hold properly marked "Confidential" or "Highly Confidential-Attorneys' Eyes Only" materials received from the opposing party in confidence, as described below, using such materials only in connection with the prosecution or defense of this pending litigation.

2. Any Confidential Material or Highly Confidential-Attorneys Eyes Only Material may be claimed by any producing party, subject to the provisions of paragraph 7 of this Amended Protective Order, based on a good faith belief that the material contains Confidential Information or Highly Confidential-Attorneys Eyes' Only Information as defined above.

3. A party claiming that a document is confidential shall mark "Confidential" or "Highly Confidential-Attorneys' Eyes Only" (as the case may be) on the face of the document prior to production or otherwise notify all counsel of record in writing of the designation. The scope of this Amended Protective Order shall be understood to encompass not only those items or things which are expressly designated as Confidential or Highly Confidential-Attorneys' Eyes Only, but also any information derived therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversation derived therefrom or related thereto. A party claiming that information discussed during a deposition is Confidential or Highly Confidential-Attorneys' Eyes Only shall notify opposing counsel either (i) at the time of the deposition by making a statement for inclusion in the deposition transcript on the record before the close of the deposition or (ii) within five (5) business days after receipt of the deposition transcript, by so notifying counsel for each other Party in writing. During the period between the deposition testimony and the time when the five (5) business day period after receipt of the transcript has run, all deposition transcripts shall be treated as Confidential in the manner provided for in this

Amended Protective Order. A party claiming that any material other than documents or depositions is Confidential or Highly Confidential-Attorneys' Eyes Only or contains Confidential Information or Highly Confidential-Attorneys' Eyes Only Information shall notify opposing counsel in writing that the material should be so treated pursuant to the terms of this Amended Protective Order.

4. *Persons Who May Access Confidential Information.* Materials marked or designated as Confidential and any copies of such materials and any information contained in or derived from such materials, shall be made available only to the following persons in connection with their duties in the conduct of this action:

(i) The parties and their attorneys of record in this litigation (including any of their partners or associate attorneys);

(ii) Any persons employed by such attorneys or their firms, when working in connection with this litigation under the direct supervision of partners or associate attorneys of said firms;

(iii) The Court and Court personnel;

(iv) Any mediator or other neutral appointed by the Court or chosen by the parties;

(v) Court reporters, videographers, and/or other official personnel reasonably required for the preparation of transcripts of testimony;

(vi) All experts and consultants retained by any party for the preparation or trial of this case other than an expert who is a direct competitor of the producing party;

(vii) Witnesses necessary to the prosecution or defense of the case, other than witnesses employed by a direct competitor of the producing party; and

(viii) Any other person on such terms and conditions as the parties may mutually agree, or as the Court may hereafter direct by further order.

Any person falling within subsections vi, vii, and viii of this paragraph shall, prior to receipt of Confidential or Highly Confidential-Attorneys' Eyes Only Material or Information, sign a document in the form attached as "Exhibit A" hereto acknowledging that the person has

read this Amended Protective Order and agrees to be bound by it. Such acknowledgments shall be retained by counsel for the party providing Confidential or Highly Confidential-Attorney Eyes' Only Materials or Information to such person(s). For purposes of this Amended Protective Order the parties to this action shall be deemed not to be direct competitors.

Access to materials or information designated as Highly Confidential-Attorneys' Eyes Only shall be limited to: the party (including members, officers, and corporate representatives of the party) producing such documents or information; attorneys of record and their office associates, legal assistants, and clerical employees; all experts and consultants retained by any party for the preparation or trial of this case other than an expert who is a direct competitor of the producing party; persons shown on the face of the document to have authored or received it; Court and Court personnel; court reporters and videographers retained to transcribe testimony in this action (and persons in their employ reasonably necessary to the production of transcribed or recorded testimony); and any mediator or other third-party neutral appointed by the Court or chosen by the parties. Parties to this action are not permitted access to the other party's documents or information marked as Highly Confidential-Attorneys' Eyes Only.

5. Except as provided in this Amended Protective Order, no copies of material designated as Confidential or Highly Confidential-Attorneys' Eyes Only shall be made or furnished, and no such designated information shall be disclosed to any person, firm, or corporation except those identified in this Amended Protective Order, without prior written consent of the party to whom the materials belong or their attorneys of record in this action. Prior to the disclosure of any material or information designated Confidential or Highly Confidential-Attorneys' Eyes Only, the attorney or other person making such disclosure shall

require such person, firm, or corporation to execute a document in the form attached as "Exhibit A" hereto.

6. Any party who seeks to file with the Court a pleading or other paper that contains Confidential or Highly Confidential-Attorneys' Eyes Only Materials or Information shall do so only if the filing is made with a "restricted access" designation. The parties do not waive the right to object at trial to the admissibility of any materials or portions thereof. The parties also do not waive the right to file a motion in limine regarding the use at trial of any materials or portions thereof.

7. *Making and Challenging Designations*. In the event that any party to this litigation disagrees with the designation of any materials or information as Confidential or Highly Confidential-Attorneys' Eyes Only, the objecting party shall notify counsel of record for the opposing party of such objection or concerns in writing. The parties shall make a good-faith effort to resolve any disagreement regarding the designation and use of Confidential or Highly Confidential-Attorneys' Eyes Only Material or Information without the necessity of the Court's intervention. If the disagreement is not resolved, the producing party shall bear the burden of filing a motion seeking relief from the Court regarding the designation within ten calendar (10) business days of the producing party's receipt of the written objection and shall seek expedited resolution of the dispute. The disputed material shall be treated as designated unless and until the Court rules otherwise. The producing party's failure to file and serve a motion as provided in this paragraph shall constitute a waiver of the Confidential or Highly Confidential-Attorneys' Eyes Only designation and the materials and information will no longer be so protected. The producing party shall have the burden of showing that the materials or information are properly designated as Confidential or Highly Confidential-Attorneys' Eyes Only as the case may be.

8.  *Use of This Amended Protective Order by Third-Parties.*  A third party, not a party to this action, who produces documents, testimony or other information, pursuant to a subpoena or a court order, may designate such material or information in the same manner and shall receive the same level of protection under this Amended Protective Order as any party to this lawsuit.  A third party's use of this Amended Protective Order does not entitle that third party access to any Confidential or Highly Confidential-Attorneys' Eyes Only Information or Materials produced by any party in this case.  The party requesting the issuance of such subpoena, or obtaining such court order, shall be responsible for informing the third party of their rights under this Amended Protective Order.

9.  All parties and counsel for such parties in this litigation shall make a good faith effort to ensure that their experts, employees and agents comply with this Amended Protective Order.  In the event of a change in counsel, retiring counsel shall fully instruct new counsel of their responsibilities under this Amended Protective Order.

10.  Within ninety (90) days of the termination of this litigation (including any appeals) or such other time as the producing party may agree in writing, the parties shall return the confidential materials to counsel for the producing party in the form such confidential materials were originally produced (e.g., if the materials were provided electronically via compact disk, the compact disk shall be returned), or destroy such confidential materials, and counsel shall certify that all such documents were returned or destroyed.  Notwithstanding the foregoing, counsel may retain a copy of all pleadings filed or served in this case, provided that any such pleadings filed under seal in accordance with this Amended Protective Order are kept confidential.

11. The entry of this Amended Protective Order shall be without prejudice to the rights of the parties, or either of them, or of any non-party, to assert or apply for additional or different protection. All parties who review materials or information subject to the terms of this Amended Protective Order are hereby bound by the terms of this Amended Protective Order and subject themselves to the jurisdiction of this Court.

12. This Amended Protective Order is not intended to govern the use of documents or evidence at trial or other evidentiary hearing held by the Court in this action.

**IT IS SO ORDERED.**

August 30, 2016.

BY THE COURT:

_Cheryl R. Zwart_
Cheryl R. Zwart
United States Magistrate Judge

## NON-DISCLOSURE AGREEMENT

I, _____, hereby certify my understanding that Confidential or Highly Confidential-Attorney Eyes' Only Materials and/or Information are being provided to me pursuant to the terms and restrictions of the Amended Protective Order entered by the United States District Court for the District of Nebraska, in the case titled *NL Enterprises, LLC v. United Pacific Pet, LLC,* Case No. 4:15-cv-03163. I further certify that I have been provided a copy of and have read the Amended Protective Order, and agree to comply with and be bound by its terms and conditions. I also consent to the jurisdiction of the United States District Court for the District of Nebraska, for purposes of enforcing the Amended Protective Order. I understand that violation of the Amended Protective Order is punishable by contempt of Court.

Date: _____      Signature: _____