IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NL ENTERPRISES, LLC, | |
| Plaintiff, | **4:15CV3163** |
| vs. | |
| UNITED PACIFIC PET, LLC, | **ORDER** |
| Defendant. | |

For the reasons stated on the record, (Filing No. 104), UP's objections to NL's discovery (as outlined in the attached chart), are overruled in part and sustained in part as follows:

1)    As to Production Request 24 and 40, and Interrogatory No. 21, the parties have reached a stipulation and no further assistance is needed from the court.

2)    As to remaining discovery disputes outlined by the parties, for the timeframe beginning in 2013 and to present, United Pacific Pet (UP) shall:

    a.  Produce its quarterly financial statements;

    b.  Investigate whether any documents exist which will aid in determining the cost of goods sold; direct costs; overhead costs; and indirect costs associated with UP's sale of NL products specifically. If such documents exist, they must be promptly produced. If they do not exist, UP shall provide a statement, signed under oath, stating that such documents do not exist.

    c.  Produce all documents underlying UP's determination of its gross profit margin and net profit margin for the sale of NL products, including all documents underlying UP's 24.5% profit margin calculation, along with any other documents useful in determining its profit margins for the sale of NL products, including documents reflecting purchases and sales of

NL products, and the sales and overhead costs incurred and specifically attributable to the sale of NL products.

d. Provide an interrogatory response, signed under oath by UP, explaining the methodology used by UP to track profit margins for the sale of its products in general, and if a different method was used for NL product sales, a description of the method used as to NL products specifically.

e. To the extent not already disclosed, produce UP's monthly sales reports for NL products for the time period from 2013 to present.

f. For each pet food manufacturer or other individual or business that UP has begun a distribution relationship with since November 25, 2015, identify (broken down by month) the amount of product UP has ordered/purchased since November 25, 2015. **All documents produced in response to this subparagraph 2(f) shall be disclosed to only counsel and the parties' specially retained expert witnesses** until such time as the court both: i) determines that failure to mitigate can be raised as a defense to a claim for breach of an exclusive distributorship contract, and ii) enters an order specifically permitting disclosure to NL itself.

g. Produce all documents reflecting the projection of sales, forecasts, or estimations of all of UP's proposed purchases and/or sales of Nature's Logic products.

September 16, 2016.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

2

Moving Party:    Plaintiff/Counterclaim Defendant NL Enterprises, LLC

## NL Enterprises, LLC v. United Pacific Pet, LLC, Case No. 4:15-cv-03163-JMG-CRZ

To assist the Court in more efficiently addressing the parties' discovery dispute(s), the parties shall meet and confer, and jointly complete the following chart. The purpose of this chart is to succinctly state each party's position and the last compromise offered when the parties met and conferred. The fully completed chart shall be e-mailed to chambers at zwart@ned.uscourts.gov.

The moving party is:         Plaintiff/Counterclaim Defendant NL Enterprises, LLC

The responding party is:      Defendant/Counterclaimant United Pacific Pet, LLC

**Note:** If discovery from both parties is at issue, provide a separate sheet for each moving party.

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| First RFPD No. 18<br><br>"Each of your financial statements (including all supporting work papers) for the years 2011-2015." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | Defendant objected that the Request was "overly broad, unduly burdensome and sought production of documents not relevant to any parties' claim or defense and which were unlikely to lead to discoverable information." Defendant also objected on the grounds that it sought confidential and proprietary commercial information.<br><br>On 8/3/16, counsel agreed to accept financial statements prior to the alleged breach of contract sufficiently detailed to | Counsel for UPP indicated on 8/3/16, that it would produce "financial information." Counsel for NL prior to seeing any of the documents referenced by counsel UPP, indicated that it would review the documentation to be produced, but without having seen the "financial information" to be provided, could not have, and did not, agree that such information would be sufficient. The documents received on 8/24/2016 – the first time NL counsel saw what "financial information" was going to be produced – was a two page of | The documents provided to Plaintiff allowed it to determine the Company's financial condition and profitability prior to the alleged breach of contract.  UPP 001236 and UPP 001237 sets forth YTD income for 2015 including gross sales, net sales, cost of goods sold, gross profit, overhead, etc. |

1

Moving Party:     Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| | | | demonstrate UPP's financial condition and profitability.  These documents were produced as UPP 001236 - UPP 001237. | summary financial information (for the years 2014-2015 only), contains no supporting documentation, which is required by NL's expert in order to calculate UPP's lost profits. | |
| First RFPD No. 19<br><br>"Your latest financial statement (including copies of all supporting work papers) prepared in 2016." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | Defendant objected that the Request was "overly broad, unduly burdensome and sought production of documents not relevant to any parties' claim or defense and which were unlikely to lead to discoverable information." Defendant also objected on the grounds that it sought confidential and proprietary commercial information.<br><br>See Response to RFPD No. 18.  UPP produced UPP 00001238 through UPP 001239. | See last offered compromise to First RFPD 18. | The documents produced (UPP 001238-UPP 001239) permit the Plaintiff to determine the profitability of the Company and its financial condition based upon its most recent financial statement (June, 2016).  The documents detail gross sales, net sales, cost of sales, gross profit, overhead, operating income, net income, etc. |

Moving Party:     Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| First RFPD No. 20<br><br>"Your monthly financial statements for January 2016-present." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | See Response to RFPD No. 18.  UPP produced documents demonstrating its financial condition post alleged breach. | See last offered compromise to First RFPD 18. | The produced financial information (UPP 001238-1239) for June, 2016 show financial condition and profitability through June, 2016.  UPP will update said statements to present. |

3

Moving Party:    Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| First RFPD No. 23<br><br>"Your electronic ledger with transaction detail for January 1, 2011 – present." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | Defendant objected that the Request was "overbroad, unduly burdensome, not reasonably limited in time or scope, and sought the production of documents not relevant to any parties' claim or defense and which were unlikely to lead to discoverable information." Moreover, the information sought trade secret and other confidential and proprietary information.<br><br>On 8/3/16 counsel agreed to withdraw RFPD No. 23 if it was provided with the documents demonstrating UPP's financial condition and profitability before and after the alleged breach of contract, which were produced. | NL did not agree to withdraw the request, because it had not seen what documents UPP was going to produce. UPP's counsel represented that the information would be contained in the "financial information" to be provided by UPP. Upon receipt of the "financial information" on 8/24/2016 – the first time NL counsel saw what "financial information" was going to be produced - it was discovered that the requested information was not included in the **four pages** produced. | The Defendant's electronic ledger is merely being requested to harass the Plaintiff. Each check, credit, debit, etc., since January 1, 2011, which have no relationship to this litigation or to the Plaintiff, is clearly an inappropriate request. The financial statements produced prior to January 1, 2016 and thereafter demonstrate the Company's profitability and financial condition (UPP 001236-UPP 001239). |

4

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| First ROGs No. 18<br><br>"Provide complete detail (including methodology of determination), for each year from 2013-2015, for all costs (both fixed and variable) associated with distributing Plaintiff's products, including, but not limited to:<br>(a) Cost of goods sold;<br>(b) Direct costs;<br>(c) Overhead costs; and<br>(d) Indirect costs. | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | Counsel agreed on 8/3/16 that documents provided in Response to RFPD's 18, 19, 20 would suffice to answer this Interrogatory. | UPP's counsel represented on 8/3/16 that the information would be contained in the financial documents to be provided by UPP. Upon receipt of the "financial information" on 8/24/2016 – the first time NL counsel saw what "financial information" was going to be produced - it was discovered that the requested information was not included in the **four pages** produced. | This information is contained in UPP 001236-UPP 001239. |
| First RFPD No. 21<br><br>"Each of your monthly sales reports, broken out by product line, for January 2012-present." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | UPP continues to object as such information is unduly burdensome given its limited probative value and is confidential and proprietary.  NL has no need to know sales reports for non-NL product lines. | This information is necessary in order for NL's expert to calculate lost profits. The few documents provided by UPP show that UPP's net profit margin is less than 1% of its cost-of-goods sold. However, UPP's expert has asserted a profit margin of 24%, and NL's expert needs to compare the profit margin by product to determine how UPP's expert reached his conclusions, since his report does not indicate how that was done. UPP sends monthly reports to | Reports for non-NL product lines relate to NL as a competitor and would be to the competitive disadvantage of the companies with which NL competes.  Profit margin are not set forth on the sales reports.  The designation of such information is currently being challenged by Plaintiff as they wish to show this type of information, including Schedule A of the Expert Report to their clients, even though it contains information unrelated to NL product lines. |

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| | | | | its manufacturers, so the information should be readily available and not unduly burdensome.<br><br>Further, the Court's Amended Protective Order is in place to protect confidential and proprietary information. | |
| First RFPD No. 22<br><br>"Each of your monthly financial projections, broken out by product line, for May 2016 – December 31, 2016." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | UPP continues to object as such information is unduly burdensome given its limited probative value and is confidential and proprietary.  NL has no need for UPP's financial projections for non-NL product lines. | See last offered compromise to First RFPD No. 21. | NL has no need for UPP's financial projections for non-NL product lines.  The Expert Report projects sales of non-NL product line based upon past performance. |
| First RFPD No. 24<br><br>"Each of your monthly sales reports involving Nature's Logic products (including the locations where the products were sold." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and | Monthly sales reports were provided by UPP to NL and is in NL's possession.  NL is aware of the amount of product purchased by UPP. | NL only has in its possession those sales reports that were actually provided to it in the course of its business by UPP from 2012 to March 2016. No responsive documents have been produced in discovery.<br><br>If UPP is willing to stipulate | UPP will stipulate that if the sales reports, if provided to NL, during the period of the Distribution Contract were accurate and no additional different monthly sales reports will be offered by UPP. |

Moving Party:      Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| | | necessary to calculation of lost profits. | | that the sales reports provided by UPP to NL during that period are true, correct, accurate, and that no additional or different reports will be offered or used by UPP in this litigation, NL agrees limit this request to UPP's sales reports from May 2016 to present which have not been provided by UPP and which UPP has directly put at issue in its preliminary injunction briefing. | |
| First RFPD No. 25

"Each document which in any way reflects profits you have made on the sale of Nature's Logic products." | UPP's claimed damages / lost profits | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | UPP objected that the Request was "overly broad, unduly burdensome, not reasonably limited in time or scope" and said documents constituted trade secret or are commercially confidential and proprietary.  Moreover, the Defendant is unable to ascertain what is meant by the phrase "reflects profits."

Counsel agreed on 8/3/16 that if documents were produced as to overall | NL did not agree to withdraw the request, because it had not seen what documents UPP was going to produce. UPP's counsel represented that the information would be contained in the financial documents to be provided by UPP. Upon receipt of the "financial information" on 8/24/2016 – the first time NL counsel saw what "financial information" was going to be produced -  it was discovered that the requested information was not included in the **four pages** produced. | Any document which "reflects" profits made on the sale of Nature's Logic products may involve every single piece of correspondence, sales reports, orders, returns, and is simply not reasonably calculated to find discoverable information.

Further, the Expert Report states exactly how the expert witness reached his conclusions.  Moreover, the expert's deposition is scheduled for September 22, |

Moving Party:    Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| | | | profitability in addition to UPP 000300-000435, no further documents were required. | This information is necessary in order for NL's expert to calculate lost profits. The few documents provided by UPP appear to show that UPP's net profit margin is less than 1% of its cost-of-goods sold. However, UPP's expert has asserted a profit margin of 24%, and NL's expert needs to compare the profit margin by product to determine how UPP's expert reached his conclusions, since his report does not indicate how that was done. UPP sends monthly reports to its manufacturers, so the information should be readily available and not unduly burdensome.<br><br>Further, the Court's Amended Protective Order is in place to protect confidential and proprietary information. | 2016 and Plaintiff's counsel may ask him to clarify his methodology and the documents relied upon for his conclusions as set forth in his report. |
| First RFPD No. 40<br><br>"Each document reflecting any order(s) placed by | UPP's request for preliminary injunction and assertion of | Please update response with current information | UPP produced documents UPP 001071 through UPP 001074 | UPP 001071 – 001074 only includes purported lost sales through 5/28/2016. UPP has alleged that preliminary | UPP will agree to update current information to demonstrate lost sales through the present on |

Moving Party:    Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| retailers/customer, or other accounts, of Nature's Logic products from January 2012 to present that you were unable to fill." | irreparable and immediate harm | through present | | injunctive relief is necessary due to immediate, irreparable harm in the form of lost sales that is purportedly still occurring. UPP has an ongoing obligation to supplement its discovery responses as additional responsive material is obtained. We are merely asking that they do so at this time in light of their recent representations of ongoing and immediate harm. | Nature's Logic products. |
| First ROGs No. 7

"For each [pet food manufacturer or other individual or business that you have begun a distribution relationship with since November 25, 2015], identify (broken down by month) the amount of product you have ordered/purchased since November 25, 2015." | UPP's mitigation of damages | UPP agreed to produce responsive documents upon entry of protective order, which has now been entered. | UPP continues to object to said Interrogatory as overbroad and unduly burdensome. Moreover, there is no relationship between the information sought in Interrogatory No. 7 and the injury suffered by NL's breach of contract. | UPP agreed to produce responsive documents upon entry of protective order, which has now been entered.

NL has raised the defense of failure to mitigate in response to UPP's claims. UPP's ability to devote efforts to other pet food lines and generate sales for those lines are directly related and relevant to UPP's mitigation efforts. | UPP has identified all of its product lines to Plaintiff. Mitigation does not apply in a breach of an exclusive distributorship case. The damages caused by the breach of the NL Contract are not offset by other business after the breach. |
| First ROGs No. 10 | UPP's claimed damages / lost | Withdraw objections and | This Interrogatory is not a RFPD and is inappropriate | Withdraw objections and provide responsive answer. | The Expert Report sets forth the manner in which the |

9

Moving Party:    Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| "Identify and describe in detail any projections, forecasts, or estimations of all of your proposed purchases of and/or sales of Nature's Logic products." | profits | produce all responsive documents because requested documents are relevant and necessary to calculation of lost profits. | and unduly burdensome. | The information is relevant and necessary to calculation of UPP's claimed lost profits.<br><br>UPP's expert has purportedly based his calculation of lost profits upon some unknown and unexplained method of "linear regression" to estimate future sales/purchases. NL is entitled to know whether or not there were any actual projections, forecasts, or estimations made by UPP prior to litigation concerning its purchases and/or sales, so that the actual projections made by UPP can be compared to the estimations of its expert. | expert calculated future sales/purchases. The report sets forth the manner in which all calculations were performed to determine the damages allegedly suffered by UPP. The expert witness' deposition is scheduled for September 22, 2016 and he can be asked the manner in which he performed the linear regression and other calculations based on projections and future forecasts of product sales. |
| First ROGs No. 21<br><br>"Provide detailed financial information (including, but not limited to, sales, expenses, profits, etc.) for all retailers/customers lost as a result of the termination of the Distribution Contract with | UPP's claimed damages / lost profits, as well as UPP's request for preliminary injunction and assertion of irreparable and immediate | Withdraw objections and produce all responsive documents because requested documents are relevant and necessary to | UPP will produce documents relative to the loss of customers as a result of the alleged breach of the contract. | If UPP will stipulate that "documents relative to" means all documents sought in the interrogatory and not merely some selected documents that are responsive, NL agrees to accept UPP's initial position. | UPP will produce documents relative to the loss of California Pet as a client due to the alleged breach of contract by NL Enterprises. |

Moving Party:      Plaintiff/Counterclaim Defendant NL Enterprises, LLC

| Discovery Request at Issue | Relevant to prove... | Moving Party's Initial Position | Responding Party's Initial Position | Moving Party's Last Offered Compromise | Responding Party's Last Offered Compromise |
|---|---|---|---|---|---|
| Plaintiff for the period: (a) January 1, 2011 – December 2015, by year; and (b) November, 2015 – present." | harm | calculation of lost profits and claim of immediate irreparable harm. | | | |

The above table outlines the Parties' written discovery disputes.

Counsel for [Plaintiff]:          s/Jason Smith

Counsel for [Defendant]:           s/Patrick Barrett

11