IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NL ENTERPRISES, LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>UNITED PACIFIC PET, LLC,<br><br>           Defendant. | 4:15-CV-3163<br><br>ORDER |

    The Court, on its own motion, directs the parties to provide supplemental briefing on the defendant's motion for preliminary injunction (filing 49).

    The heart of this case is the parties' dispute over article 5 of the distribution contract, and whether the defendant failed to meet the "mutually agreed upon purchase objectives" referred to by that article. *See* filing 51-2 at 4. The Court's initial assessment of that provision is that it is an agreement to agree in the future, and generally, when an agreement stipulates that certain terms shall be settled later by the parties, such terms do not become binding unless and until they are settled by later agreement. *See, e.g., Gibbons Ranches, L.L.C. v. Bailey*, 857 N.W.2d 808, 812-815 (Neb. 2015); *TV Transmission, Inc. v. City of Lincoln*, 374 N.W.2d 49, 52-54 (Neb. 1985); *Alward v. United Mineral Prods. Co.*, 250 N.W.2d 623, 624-25 (Neb. 1977).

    While the parties' briefing discusses whether or not various conduct by their employees did or did not result in "mutually agreed upon purchase objectives," the briefing does not provide much guidance to the Court on the legal principles that govern that determination. Nor do they provide the Court with authority discussing the legal effect of a finding (should the Court reach one) that the evidence of "mutually agreed upon purchase objectives" is insufficient—whether, for instance, the contract as a whole fails, whether the renewal provision fails such that the contract does not automatically renew, or whether the contract automatically renews without being conditioned by purchase objectives. Accordingly, the Court will direct the parties to brief those issues.

IT IS ORDERED:

1. On or before November 18, 2016, the parties shall file simultaneous supplemental briefs addressing:

    a. Whether there is evidence of "mutually agreed upon purchase objectives" within the meaning of article 5 of the distribution contract, and what legal principles control that determination; and

    b. What effect a failure to reach "mutually agreed upon purchase objectives" would have on the enforceability of the distribution agreement, the renewal provision, or any obligation to meet purchase objectives.

Dated this 8th day of November, 2016.

BY THE COURT:

John M. Gerrard
United States District Judge